# BARBER *v.* SEYMOUR.

---

PATENTS; INTERFERENCE; RIGHT TO MAKE CLAIMS.

In an interference proceeding in which the invention involved related to a sheet handling machine for making magazines, including a mechanism for combining with the main part or body of the magazine an insert sheet or sheets, an award by the Commissioner of priority to one of the parties on the ground that the other had no right to make the claims of the issue was *affirmed,* where it appeared that the counts of the issue originated in the other party's application; that the latter's device included means for cutting the sheets one at a time and superimposing the parts thereof, in which process there is a substantial advantage, while in the former's machine the sheets were cut two at a time, and there was no suggestion in his application of a mechanism by which it would be possible to cut sheets one at a time and superimpose the parts thereof.

No. 933.   Patent Appeals.   Submitted January 11, 1915.   Decided
April 26, 1915.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.      *Affirmed.*

The facts are stated in the opinion.

*Mr. Walter F. Rogers* for the appellant.

*Mr. John D. Morgan* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commission of Patents awarding priority of invention to the appellee, Ralph C.
Seymour, upon the ground that the appellant, Howard M. Barber, has no right to make the claims of the issue, which read as
follows:

"1. A sheet handling machine including in combination
means for associating a plurality of sheets, means for feeding
the associated sheets to a registering device, means for cutting
a sheet and superimposing the parts together, and means for
feeding said superimposed parts to said registering device
whereby said associated sheets and said superimposed parts of
the severed sheet are registered with respect to each other by
said registering device.

"2. A sheet handling machine including in combination means
for associating a plurality of sheets, means for cutting another
sheet in two and superimposing the cut parts, means for directing said associated sheets into a pathway, whereby they become associated together, and a stop in said pathway for registering said sheets relatively to each other."

The subject-matter of the invention relates to machines for
making magazines, including a mechanism for combining with
the main part or body of the magazine an insert sheet or sheets.
The counts of the interference originated in the Seymour appli-

ration. The purpose and function of his mechanism is the cutting in two of a single cover sheet which has been previously printed, dried, and stacked, superimposing the two cut parts, and, after so superimposing them, feeding them into registry with the bundle of associated sheets of the body of the magazine, which have been printed by a web. From a study of the disclosures of the two parties it is apparent that Seymour's device includes means for cutting the sheets one at a time and superimposing the parts thereof, and that there is a substantial advantage in this process. In Barber's machine the sheets are cut two at a time, and there is no suggestion in his application of a mechanism by which it would be possible to cut sheets one at a time and superimpose the parts thereof. The First Assistant Commissioner in his decision said: "The particular improvement which Seymour had in mind, and which he discloses and claims, is a mechanism which has for its object the cutting in two of a single sheet previously printed, dried, and stacked, and superimposing the cut parts of this single sheet, then feeding the same into registry with associated sheets, making up the body of the machine or periodical. Seymour had in mind a mechanism, and devised the same to accomplish the purpose, which will feed a single sheet constituting a double cover which has been printed as a single sheet, whereas Barber discloses an intention to provide, and does provide, mechanism which feeds, and can only feed, two separate sheets, each of which forms one cover previously printed as separate sheets. It is further noted that in the Seymour construction the sheets are fed from a stack of single sheets having four pages on the side, whereas Barber's machine cannot possibly operate so as to operate such a single sheet. Sufficient has been said in consideration of detailed difference of function and purpose to indicate the diverse objects of the machines." He concluded that by no fair interpretation of the language employed by Seymour in his disclosure could "a sheet" be construed to cover groups of sheets disclosed by Barber. A motion for rehearing was argued before the Commissioner in person, and denied.

After a very careful examination of the record and briefs of

the respective parties, we are convinced of the correctness of the Patent Office ruling, and affirm that ruling for the reasons stated in the opinion of the Assistant Commissioner.      *Affirmed.*